UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:22-CV-00003-BO

| | | |
|---|---|---|
| ANDREA KNUDSEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security* | ) | |
| | ) | |
| Defendant. | ) | |

This is before the Court on the plaintiff's motion [DE 15] on the pleadings and defendant's motion [DE 17] on the pleadings.

## BACKGROUND

On April 21, 2020, Andrea Knudsen protectively applied for disability and disability insurance benefits. , alleging an onset date of May 3, 2018 (when she was 42 years old). Plaintiff's application was denied, and upon reconsideration, it was denied again. Plaintiff appealed and had a telephonic hearing before an Administrative Law Judge ("ALJ"). On May 3, 2021, the ALJ issued an unfavorable decision, finding that plaintiff was capable of light work with a few exceptions. After determining Knudsen could work as a marker, a router, and a photocopy machine operator, the ALJ found she was not disabled.

Plaintiff requested a review of this decision, and on November 4, 2021, the Appeals Council denied plaintiff's request for review, and the denial became the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), plaintiff has the right to review the Commissioner's final decision after a hearing for Title II and Title XVI benefits when that decision is arguably not supported by substantial evidence. On February 15, 2023, this Court held a hearing in Elizabeth City, North Carolina.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one asks whether the claimant is currently engaged in substantial gainful activity. If not, step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments (Listing) in 20 C.F.R. § Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically

2

equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform past relevant work. If the claimant cannot, then the burden shifts to the Commissioner at step five to show that the claimant – based on age, education, work experience, and RFC – can perform other substantial gainful work. If a claimant cannot, then they are "disabled." *See* 20 C.F.R. § 416.920(a)(4).

At step one, this ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date (May 3, 2021). At step two, the ALJ found plaintiff suffered the following severe impairments: psoriatic arthritis and asthma/chronic obstructive pulmonary disease ("COPD"). At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. At step four, the ALJ calculated plaintiff's RFC and found she could perform light work subject to several limitations. The limitations were that plaintiff "can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds and can occasionally stoop, kneel, crouch, and crawl. She can have occasional exposure to dust, odors, fumes, and pulmonary irritants." [DE 12 at 20]. Consequently, the ALJ found that plaintiff could not perform her past relevant work as a housekeeper or cleaner. But at step five, the ALJ determined that plaintiff could perform work as a marker, router, and photocopy editor. [DE 12 at 23]. Therefore, the ALJ found plaintiff was not disabled. [DE 12 at 24-25].

1) This ALJ failed to explain how Knudsen could walk or stand for six out of eight hours

This ALJ found plaintiff could perform "light work," which requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. There is no doubt plaintiff can stand and walk. But the ALJ did not provide substantial evidence showing "the extent to which" plaintiff could walk or stand. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021). In other words, the ALJ did not build a logical bridge between the evidence and the

3

conclusion that plaintiff could walk and stand for six hours out of an eight-hour workday. This error warrants remand. *Id.*

The testimonial evidence suggests that Knudsen can only walk about ten feet without losing her breath. [DE 12 at 256]. It also suggests that Knudsen cannot walk more than 80 feet without sitting down. [DE 12 at 75-76].

The medical evidence supports that testimonial evidence. Several imaging reports in the record note that Knudsen has multiple masses in her lungs of varying sizes. [DE 12 at 39-40, 347, 398, 514]. Several physicians noted her difficulty breathing. [DE 12 at 346, 347, 394, 397, 454, 522, 527]. On March 29, 2021, doctors found her oxygen saturation was below normal levels and diagnosed her with acute respiratory failure hypoxia. [DE 12 at 519, 525]. The ALJ failed to build a logical bridge between this evidence and the conclusion that Knudsen could walk or stand for six hours out of an eight-hour workday. That failure warrants remand.

2) Plaintiff's smoking was not a valid reason to deny the claim

The ALJ suggested that Knudsen's smoking justified the denial of her claim. [DE 12 at 26]. An ALJ cannot deny plaintiff's claim for noncompliance with treatment unless the ALJ establishes, by substantial evidence, that (1) the cause of the plaintiff's symptoms is their noncompliance, and (2) plaintiff's symptoms can be reasonably remedied by compliance. *See Dickens v. Astrue*, No. 5:10-CV-535-BO, 2011 WL 3269422, at *3 (E.D.N.C. July 28, 2011) (*citing Preston v. Heckler*, 769 F.2d 988, 990–91 (4th Cir. 1985)). This ALJ has established neither. The ALJ stated that Knudsen's "continued tobacco use undermines her complaints of debilitating symptoms." [DE 12 at 22]. But that conclusion is not accompanied by substantial evidence. Without further development of the record, Knudsen's smoking is not a valid reason to deny her claim.

4

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court determines that remand is appropriate for further proceedings consistent with the foregoing. Defendant's motion [DE 17] is DENIED. During the hearing, plaintiff waived the constitutional arguments, so those portions of plaintiff's motion [DE 15] are DENIED. The remainder of plaintiff's motion [DE 15] is GRANTED. The matter is REMANDED for further proceedings.

SO ORDERED, this 27 day of March, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE